

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NORTH CAROLINA
### CHARLOTTE DIVISION
#### MDL Docket No. 3:03CV1516

Dec. 5 2005
1:11PM

DEC 15 2005

U. S. DISTRICT COURT
W. DIST. OF N. C.

|  |  |
|---|---|
| IN RE POLYESTER STAPLE<br>ANTITRUST LITIGATION | ) ) ) ) |
| THIS DOCUMENT RELATES TO: | ) ) ) |
| Case No. 3:03CV00200 (Tex Tech Industries, Inc.)<br>Case No. 3:03CV00201 (Hollander Home Fashions Corp.)<br>Case No. 3:03CV00203 (Carpenter Co.)<br>Case No. 3:03CV00206 (Fiber Dynamics, Inc.)<br>Case No. 3:03CV00207 (Doran Mills, LLC)<br>Case No. 3:03CV00208 (Habasit Belting, Inc.)<br>Case No. 3:03CV00209 (J.H.N.Y., Inc.)<br>Case No. 3:03CV00280 (Quality Felt Co.)<br>Case No. 3:03CV00309 (Southern Fiber, Inc.)<br>Case No. 3:03CV00474 (Thomaston Mills, Inc.) | ) )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**ORDER AND RULE
54(b) FINAL JUDGMENT
(AS TO NAN YA DEFENDANTS)**

This matter is before the Court upon Class Plaintiffs' Motion For Final Approval of

Settlements With Wellman, Inc. And The Nan Ya Defendants (the "Motion").

Class Plaintiffs[1] and Defendants Robert Bradley Dutton, Nan Ya Plastics Corporation and

Nan Ya Plastics Corporation, America (collectively "Nan Ya") entered into the Nan Ya

Settlement Agreement (the "Settlement") to fully and finally resolve Class Plaintiffs' claims

against Nan Ya. On October 5, 2005, the Court entered its Order Granting Preliminary Approval

---

[1]   Class Plaintiffs are Tex Tech Industries, Inc.; Hollander Home Fashions Corp.;
Fiber Dynamics, Inc.; Doran Mills, LLC; Habasit Belting, Inc.; J.H.N.Y., Inc.; Quality Felt Co.;
Southern Fiber, Inc.; and Thomaston Mills, Inc.

1

2519

of Proposed Settlement with Nan Ya ("Preliminary Approval Order"). Among other things, the Preliminary Approval Order authorized the Class Plaintiffs to disseminate notice of the proposed settlement, fairness hearing, and related matters to the Nan Ya Settlement Class. Notice was provided to the Nan Ya Settlement Class and the Court held the fairness hearing on December 15, 2005.

Having considered the Motion, including the proposed respective plans of allocation and Class Counsel's requests for payment of attorneys' fees and expenses, oral argument presented at the fairness hearing, and the complete records and files in this matter. The Court is of the opinion the relief sought in the Motion should be granted.

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** as follows:

1.    The Court has jurisdiction over the subject matter of this litigation.

2.    Terms capitalized in this Order and Final Judgment have the same meanings as those used in the Settlement Agreement.

3.    The Preliminary Approval Order outlined the form and manner by which Class Plaintiffs were to provide the Nan Ya Settlement Class with notice of the Settlement, the fairness hearing, and related matters. The notice program included individual notice to members of the Nan Ya Settlement Class who could be identified through reasonable effort, as well as the publication of a summary notice in *The Wall Street Journal*. Proof that the mailing and publication conformed with the Preliminary Approval Order has been filed with the Court. This notice program fully complied with Rule 23, Fed.R.Civ.P., and the requirement of due process. It provided due and adequate notice to the Nan Ya Settlement Class.

2

4.    The Settlement with Nan Ya was attained following extensive litigation. It resulted from vigorous arm's-length negotiations which were undertaken in good faith by counsel with significant experience litigating antitrust class actions.

5.    Final approval of the Settlement with Nan Ya is granted pursuant to Rule 23(e), Fed.R.Civ.P., because it is "fair, reasonable and adequate" to the Nan Ya Settlement Class. In reaching this conclusion, the Court considered: the complexity, expense, and likely duration of the litigation and the Class' reaction to the settlement.

6.    The Plan of Allocation set forth in the Class Notice is "fair, reasonable and adequate" to the Nan Ya Settlement Class and, therefore, is granted final approval.

7.    The following Nan Ya Settlement Class is certified pursuant to Rule 23:

>    All persons (excluding (1) governmental entities, (2) Defendants, and their parents, predecessors, subsidiaries, affiliates, and their co-conspirators and (3) the Non-Class Plaintiffs) who purchased Polyester Staple in the United States directly from any of the Defendants or their co-conspirators or any predecessor, subsidiary or affiliate of any present or former parent, subsidiary or affiliate of each, at any time during the period from April 1, 1999 to July 31, 2001.

This Nan Ya Settlement Class satisfies the prerequisites to certification set forth in Rule 23(a), Fed.R.Civ.P., in that: (a) the Nan Ya Settlement Class is so numerous that joinder of all members is impracticable; (b) the members of the Nan Ya Settlement Class share common questions of law or fact; (c) the Class Plaintiffs' claims are typical of those of the Nan Ya Settlement Class; and (d) the Class Plaintiffs have, and will, fairly and adequately protect the interests of the Nan Ya Settlement Class. In addition, the requirements of Rule 23(b)(3), Fed.R.Civ.P., are satisfied in that: (a) common questions of law or fact predominate over questions affecting only individual

members; and (b) litigating this case as a class action is superior to other methods available for the fair and efficient adjudication of the controversy. Therefore, final certification of the Nan Ya Settlement Class is granted.

8.    The Class Plaintiffs are adequate representatives of the Nan Ya Settlement Class and are hereby appointed as the class representatives.

9.    Pursuant to Rule 23(g), Fed.R.Civ.P., Class Counsel previously appointed by the Court (Cohen, Milstein, Hausfeld & Toll, P.L.L.C., Gold Bennett Cera & Sidener LLP, Weinstein Kitchenoff & Asher LLC, and Heins Mills & Olson) are appointed as counsel for the Nan Ya Settlement Class. These firms have, and will, fairly and competently represent the interests of the Nan Ya Settlement Class.

10.    The entities identified on Exhibit A, if any, have timely and validly requested exclusion from the Nan Ya Settlement Class and, therefore, are excluded. Such entities are not included in or bound by this Order and Final Judgment and may individually pursue claims (if any) against Nan Ya. Such entities are not entitled to any recovery from the settlement proceeds obtained through this settlement. However, this Final Order and Judgment in no way affects their right to participate in any recovery obtained from any other Defendant.

11.    All Released Claims of the Nan Ya Settlement Class that were asserted against Nan Ya and the Releases in the Action are hereby dismissed with prejudice and without costs. The Releasors are barred from instituting or prosecuting, in any capacity, an action or proceeding that asserts a Released Claim against any Releasee. This dismissal applies only in favor of Nan Ya and the other Releasees. It is made without prejudice to any claims the Nan Ya Settlement Class has against any other Defendant.

4

12.     The escrow account established by the parties, and into which Nan Ya has already deposited the $5,000,000 Settlement Fund, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code Section 468B and the Treasury Regulations promulgated thereunder.

13.     This Order and Final Judgment does not settle or compromise any claims by Plaintiffs or the Nan Ya Settlement Class against the other Defendants or other persons or entities other than the Releasees, and all rights against any other Defendants or other persons or entities are specifically reserved. The sales of Polyester Staple by Nan Ya shall remain in these cases against the non-settling Defendants as a basis for damage claims and shall be part of any joint and several liability claims against any non-settling Defendant or other person or entities other than the Releasees.

14.     The Court hereby awards Class Counsel $1,000,000 in reasonable attorneys' fees and expenses plus interest earned thereon out of the Nan Ya Settlement Fund.

15.     The Court hereby authorizes Class Counsel, without further order of the Court, to disburse the settlement funds to Authorized Claimants who make claim in accordance with the Plan of Allocation.

16.     Neither the Settlement Agreement, nor any act performed or document executed pursuant to the Settlement Agreement, may be deemed or used as an admission of wrongdoing in any civil, criminal, or administrative proceeding.

17.     Without affecting the finality of this Order and Final Judgment, the Court retains exclusive jurisdiction over: (a) the enforcement of this Order and Final Judgment; (b) the litigation between the Plaintiffs and all remaining Defendants; (c) the enforcement of the Settlement Agreement; and (d) the distribution of the settlement proceeds.

2519

18.     Pursuant to Rule 54(b), Fed.R.Civ.P., the Court finds that there is no just reason for delay and hereby directs the entry of final judgment of dismissal as to Nan Ya. The claims of Class Plaintiffs against Nan Ya are dismissed with prejudice.

This the 15th day of December, 2005.

_Richard L. Voorhees_

RICHARD L. VOORHEES
UNITED STATES DISTRICT COURT JUDGE

## EXHIBIT A

## REQUESTS FOR EXCLUSION

Fiber Cushioning, Inc.